No. ——

### First Circuit

## SLIMAN v. JOSEPH
## MRS. HAWKINS CALLED IN WARRANTY

(May 8, 1928. Opinion and Decree.)
(June 30, 1928. Rehearing Refused.)
(October 2, 1928. Writs of Certiorari and Review denied by Supreme Court.)

Dubuisson, Perrault & Burleigh, of Opelousas, attorneys for plaintiff, appellant.

R. L. Garland, of Opelousas, attorney for defendant, appellee.

Griffin T. Hawkins, of Lake Charles, attorney for Mrs. Sallie Hawkins, called in warranty, appellee.

ELLIOTT, J. Alexander Sliman is the owner of a certain lot or parcel of ground acquired by him from J. F. Phillips; by Phillips from Mrs. H. B. Tolivar, and by Mrs. Tolivar from James E. and Martin S. Hatfield, described in the title from the Hatfields to Mrs. Tolivar as follows:

"A certain lot of ground situated at Palmetto in the Parish of St. Landry, La., on the south side of the Texas and Pacific Railroad track, and bounded on the north by the T. & P. Railroad land; on the south by the land of vendor; on the east by the land of vendor, and on the west by the land of vendor; said lot measuring on the north line fronting railroad track one hundred feet, and on the south line one hundred feet; on the east and west lines one hundred and twenty feet respectively; said lot beginning at a point one hundred and sixty-four feet east of the store building occupied by M. L. Fabre, and owned by vendor."

The title provides that twenty-nine feet next to the railroad is to be left open for street purposes. This title bears date January 19, 1903, and was recorded January 19, 1903, in the conveyance records of the Parish of St. Landry.

The plaintiff alleges that the defendant Charles Joseph has, without any right or title thereto, taken possession of the eastern twenty feet of said lot, erected improvements thereon, and withholds same from him. He prays that his ownership of said lot be recognized to the full extent of its limits; that he be placed in possession accordingly and that said Joseph be required to remove his improvements therefrom.

The defendant Joseph, for answer admits that he has possession of the locus in quo and denies that same is a part of plaintiff's lot. He alleges that the ground in question is the western portion of a lot which he acquired April 21, 1914, by title from Mrs. Sallie Hawkins, recorded April 21, 1914, in the conveyance records of the Parish of St. Landry.

He alleges that the land in question was enclosed to the knowledge of said Sliman at the time he acquired same, pleads the prescription of ten years acquirendi causa in aid of his title, location, limits and possession, and called Mrs. Hawkins in warranty.

Mrs. Hawkins appeared, and for answer joined defendant in his defensive averments. She also urges the prescription of ten years acquirendi causa. She denies that the ground in question is part of plaintiff's lot and alleges that it is part of the lot which she acquired from Martin S. Hatfield under the following description:

"And the said lot Numbered Two, measuring one hundred feet on railroad right of way by ninety-four feet in depth, and bounded on the north by railroad right of way; on the east by street running north and south; on the south by lot of Mary Hatfield Stokes, Number Three, and on the west by lot sold to Tolivar, with all the buildings and improvements thereon."

This title bears date March 3, 1904, and was recorded March 8, 1904, in the conveyance records of the Parish of St. Lan-

dry. She alleges that said lot was enclosed when she acquired it and that she received and took possession accordingly. That her limits and possession covered and included the ground now claimed by plaintiff herein, and that she so owned and possessed with the full knowledge of the plaintiff, etc. She further alleges that during the month of November or December, 1901, or in the early part of 1902, the land owned by Martin S. and Mary Hatfield was surveyed and platted into streets, blocks and lots and designated as the "Hatfield Addition to the town of Palmetto," which plat was filed and recorded as the law provides in the office of the Clerk of Court of the Parish of St. Landry.

The prescription of ten years filed by defendant and warrantor was sustained, and the plaintiff appealed.

The title from Mrs. Hawkins to Charles Joseph calls for:

"A certain piece and plat of ground situated and being in the town of Palmetto, and being the west portion of lot known as the Hatfield lot, fronting on Railroad Avenue bounded north by Railroad Avenue south by Mrs. Stokes; west by Tolivar east by vendor, and measuring forty feet front by the depth from the front of the Stokes lot."

It is the western portion of the lot which Mrs. Hawkins acquired from Martin S. Hatfield, as above said. The western boundary referred to in the title from Martin S. Hatfield to Mrs. Hawkins, and again in that from Mrs. Hawkins to Charles Joseph is the eastern boundary limits of the lot which now belongs to Sliman under said title from James E. and Martin S. Hatfield to Mrs. Tolivar.

The plaintiff, defendant and warrantor do not claim in their pleadings nor contentions any land beyond their title limits. It is true the defendant and warrantor alleges and claims that the parcel of land in question was an enclosed part of their lot and limits at the time they acquired same, and that they have each possessed same by enclosures in good faith as owners for more than ten years, and have in that way acquired a right to the location and limits fixed by their enclosures, but their claim is based on their alleged title limits and not beyond same. Therefore this action, though brought, defended and tried as a petitory action, is not in fact a conflict of titles, but of limits, and is in fact an action of boundary under the Civil Code, Art 823, etc. The limits in question have never been determined nor fixed by a boundary survey.

The prescription against the rectification of an erroneous survey provided for by the Civil Code, Art 853, is not invoked, and if it had been, would not be applicable.

Defendant's title and that of the warrantor was acquired with reference to the eastern limits of plaintiff's lot which is a point two hundred sixty-four feet east of the store building occupied by M. L. Fabre, and the eastern limits of plaintiff's lot is the western boundary of that of defendant. As the controversy is not in regard to titles but concerns only the location and limits of adjoining parcels of land, it follows that the prescription of ten years under C. C. Art. 3478 cannot be applied. The cases of Bourguignon vs. Boudousquie, 6 N. S. 697; Williams vs. Bernstein, 51 La. Ann. 115, 25 So. 411; Bendernable vs. Foret, 145 La. 115, 81 So. 869, cited in plaintiff's brief, and Babineau vs. Cormier, 1 N. S. 456; Broussard vs. Duhamel, 3 N. S. 11, and Opdenweyer vs. Brown, 155 La. 617, 99 So. 482, are pertinent to the question at issue.

The question in the case is, whether the ground in controversy is in fact part of

the lot which Sliman acquired from Phillips by title deraigning from James E. and Martin S. Hatfield in January, 1903, or part of that which Mrs. Hawkins acquired from Martin S. Hatfield in March, 1904.

R. M. Hollier, surveyor, measured one hundred sixty-four feet east from the Fabre store building at which place plaintiff's lot commences, and thence one hundred feet east, and the measurement proved that the ground in question is part of the lot which James E. and Martin S. Hatfield sold Mrs. Tolivar. The plaintiff has the eldest title and the first location, and his limits must have precedence; C. C. Art. 844, 845, 846.

The land of the plaintiff and of the defendant and warrantor is all part of the tract which James E. and Martin S. Hatfield acquired from Preval Rideau on October 29, 1901.

The allegations of Mrs. Hawkins that the Hatfields, during the month of November or December, 1901, or the early part of 1902, surveyed and platted the Rideau tract into streets, blocks and lots and that said plat was filed and recorded in accordance with law in the office of the Clerk of Court of the Parish of St. Landry previous to the sale to Mrs. Tolivar, is not supported by the evidence. Act 53 of 1896 was in force at the time, but the Hatfields at the time of selling to Mrs. Tolivar, had not complied with the law requiring maps to be made and filed. They did not sell to her with reference to plats nor streets nor blocks nor lots, but according to the limits to be fixed by reference to the store building then occupied by M. L. Fabre. They were the owners at the time of all the land situated south, east and west of that sold to Mrs. Tolivar, and had the right to sell and fix the limits of the land sold her as they saw proper.

The land referred to in the title to Mrs. Tolivar as "On the east by land of vendor," is that which Martin S. Hatfield subsequently sold to Mrs. Hawkins. In her title she accepted from Martin S. Hatfield as her western limit, the eastern limit of the land which her vendor and his co-owner had previously sold to Mrs. Tolivar. She bought up to a boundary limit two hundred sixty-four feet east of the Fabre store building. James E. Hatfield, one of the co-owners in the sale to Mrs. Tolivar, after selling to her, departed this life. Martin S. and Mary Hatfield became at his death, the owners of his remaining interest in the Rideau tract by inheritance from him. Martin S. and Mary Hatfield subsequently partitioned the remainder between themselves, and Martin S. Hatfield became the owner of lot Two, which he subsequently sold to Mrs. Hawkins as above said.

The evidence shows that when the defendant acquired from Mrs. Hawkins the lot which he now owns, the land in question was enclosed by Sliman, the plaintiff, as part of his lot. That Sliman subsequently moved his fence west, upon which defendant moved his western fence further west, enclosing the land vacated by Sliman. The moving was, as set forth in the suit entitled Charles Joseph vs. Alexander Sliman, Court of Appeal Reports, Vol. 6, p. 552, etc., but since the decision in that case it seems that Joseph is not willing, and in which he is supported by his warrantor, to yield back to Sliman the land which Sliman vacated in order to enable Sliman to replace the boundary fence along the eastern limits of his lot in the place where it stood at the time he acquired it from Phillips; however, neither Joseph nor the warran-

tor, at the time of his title, has acquired a title to any land beyond that called for by his title. He must return to his former western limits fixed in his title at a point two hundred sixty-four feet east of the store building formerly occupied by M. L. Fabre, the same being the eastern limit of Sliman's lot, as above stated.

The judgment appealed from is contrary to the law and the evidence, and must be annulled, avoided and set aside and judgment rendered in favor of the plaintiff as prayed for.

The judgment appealed from is therefore annulled, avoided and set aside. The plea of ten years prescription acquirendi causa filed herein by Charles Joseph and Mrs. Sallie Hawkins is overruled.

It is further ordered, adjudged and decreed that the above described land of the plaintiff Alexander Sliman commences one hundred sixty-four feet east of the M. L. Fabre store building and extends thence east from said place of commencement, fronting the railroad right-of-way, for one hundred feet by a depth between parallel lines, as provided for in said title from James E. and Martin S. Hatfield to Mrs. H. B. Tolivar. That the eastern limits of plaintiff's said land is the western limit of the land belonging to Charles Joseph under his title from Mrs. Sallie Hawkins; and it is ordered that the boundary line between them be accordingly fixed, and that Charles Joseph yield the land which he now occupies west of said boundary line to said Sliman, and remove his improvements therefrom.

It is further ordered, adjudged and decreed that Mrs. Sallie Hawkins, called in warranty herein, yield to Charles Joseph forty feet front on the railroad between parallel lines adjoining Sliman's said land, as provided for in her said title to

him. Charles Joseph to pay the cost in both courts; Mrs. Sallie Hawkins, in turn, to pay him all the costs which he is condemned to pay herein.